IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Williams Lee Grant, | ) | Case No. 8:19-cv-03545-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| US Department of Defense, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his constitutional rights. ECF Nos. 1, 11. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On January 8, 2020, the Magistrate Judge issued a Report recommending that the Complaint be dismissed as duplicative and frivolous. ECF No. 9. Plaintiff filed objections to the Report. ECF No. 11.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends dismissal of this action because it is duplicative of the many actions filed by Plaintiff in other courts and because it is frivolous. The Magistrate Judge provides a thorough recitation of Plaintiff's history of filing actions against the Department of Defense, among others, which the Court incorporates by reference. Liberally construing Plaintiff's objections, he may argue that this case is not duplicative because several of his other cases were either not decided on the merits or because Defendant failed to deny his allegations. The Court has conducted a de novo review of the record, the applicable law, and the Report of the Magistrate Judge. The Court has also reviewed several of Plaintiff's filings in other courts that are publicly available. Having done so, the Court agrees with the recommendation of the Magistrate Judge that this action is subject to summary dismissal.[1]

---

[1] The undersigned finds that Plaintiff cannot cure the deficiencies in his Complaint and that allowing Plaintiff to amend his pleadings would be futile. See *Goode v. Central Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015); *Workman v. Kernell*, No. 6:18-cv-00355-RBH, 2018 WL 4826535, at *2 n.7 (D.S.C. Oct. 2, 2018).

## **CONCLUSION**

Accordingly, the Court adopts and incorporates the Report of the Magistrate Judge. This action is **DISMISSED** with prejudice and without issuance of service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 15, 2020
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.